

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 11, 1971

Dr. J. W. Edgar
Commissioner of Education
Texas Education Agency
201 East 11th Street
Austin, Texas  78701

Opinion No. M-854

Re:  Liability of school district
     which operates only the first
     two years of high school for
     tuition of its high school
     pupils who transfer to another
     high school district to com-
     plete their junior and senior
     year's schooling.

Dear Dr. Edgar:

In your letter requesting an opinion from this office you submit the following facts:

> "An independent school district (Martins-
> ville) operates a ten grade school, an accredited
> two-year high school district.  For several years,
> resident scholastics therein of junior and senior
> grade status have been attending the adjoining
> Nacogdoches district high school (with a few ex-
> ceptions); tuition provided for by their home
> district, and the Nacogdoches district designated
> as the receiving district for transportation pur-
> poses only.

> "Next year (1971-72), the Nacogdoches dis-
> trict will charge a tuition rate estimated at
> $172 for each of the non-resident students,
> grades eleven and twelve, attending its schools.
> There are three other accredited 12-grade school
> districts which adjoin Martinsville; two are
> closer than Nacogdoches, one is three miles
> farther.

>   "   .   .   .   "

With regard to these facts you ask the following question:

> "Would the resident home district (Martins-
> ville) be legally obligated to pay the $172 tuition
> rate to Nacogdoches district on above-grade children

who transfer to and attend Nacogdoches district
school, should the Martinsville school board
arrange or agree with one of such other school
districts for their education at a <u>lower</u> tuition
rate?"

The applicable laws of Article 2696a, Vernon's Civil
Statutes, and Sections 21.067-21.072, Texas Education Code. We
refrain from quoting these provisions of the law because their
portions relating to your question were discussed and passed
upon in Attorney General's Opinion M-649 (1970) from which we
quote as follows:

"'Any pupil not more than twenty-one (21)
years of age who has been promoted to a high
school grade not taught in his home district
shall have the right to transfer to and to
attend a standardized, classified, or affil-
iated high school either in his home county
or in any other county in the state. Trans-
fers of funds under such conditions shall be
regulated by Sections 21.068-21.072 of this
code.'

"Sections 21.068-21.072, Texas Education
Code, provide for a high school tuition fee to
be paid by the sending school district to the
receiving district for each pupil transferred.

". . .

"Article 2696(a) is silent regarding who
pays tuition fees to receiving districts for
the transfer of eligible pupils promoted to a
high school grade not taught in their resident
districts and who desire to transfer to a
twelve-grade system. Sections 21.068-21.072
of the Code, specifically place this respon-
sibility on the sending school district. . . ."

We have been informed that <u>prior</u> to the enactment of
Article 2696a (effective May 9, 1969), the Texas Education Agency's
policy was that the boards of local school districts had no authority
to prescribe the district to which pupils whose grades are not
taught in their own districts must transfer, this matter being
within the discretion of the transferee. This policy was obviously
based on the holding in Attorney General's Letter Opinion, Volume

382, page 941, 1938, and Attorney General's Opinion WW-1452 (1962). We quote from the holding in Attorney General's Opinion WW-1452 (1962) in part as follows:

"In Attorney General's Letter Opinions, Volume 382, p. 941 (1938) we find the following language:

" . . .

" . . .pupils whose grades are not taught in their home district may transfer to any high school of higher classification, under the language of this statute. It is our opinion that the local board of trustees has no authority to prescribe the district to which such pupils must transfer, this matter being within the discretion of the transferee.

"This is not to say that the county board of trustees may never exercise its discretionary power to cancel or annul transfers, but simply means that before the power can be employed, protest must be lodged by a proper school district. In absence of jurisdiction being properly invoked, the cancellation by the county board of an application for transfer is a nullity.

"Therefore, we are in full accord with your ruling of July 11, 1962.

"A school district which does not teach the high school grades has no standing . . . to cancel or annul the transfer of one of its resident scholastics to a school district which provides high school grades . . ."

Following the effective date of Article 2696a and on June 7, 1969, the Texas Education Agency adopted its Revised Policy statement relating to the transfer of pupils and mailed it to all school administrators. We quote from the pertinent provisions of this revised policy statement, Section 6.13 "Transfer of pupils", as follows:

"Any resident scholastic of a district whose grade is not taught within the district may be transferred for Foundation Program benefits at any time during the school year upon

proper application to the receiving district.

"The receiving district may charge a tuition
fee not to exceed the difference between the dis-
trict's actual expenditure per student in average
daily attendance for the preceding school year,
as determined by its board of trustees, and
State aid received for that year.  However,
such tuition fee shall not exceed that of the
preceding school year unless properly set out on
the transfer application form prior to its execu-
tion by the parent or guardian or person having
lawful control of such child and the receiving
district.

" . . .

"The resident district is responsible for
the tuition fee on any transfer whose grade is
not taught in the resident district and the
receiving district shall notify all such resident
districts in writing of the tuition, if any, to be
charged."

It is our opinion based on the prior Attorney General's
Opinions cited above and the policy statements of the Texas Educa-
tion Agency which are in conformity with the holding of these
opinions and the pertinent statutes, that a pupil who has been
promoted to a high school grade not taught in his home district
has a right to transfer to and attend any other accredited high
school in the State under the provisions of Article 2696a, Sec-
tion 1.  The resident school district, which in this instance is
the Martinsville School District, has the obligation to pay to
the receiving district the legally imposed high school tuition fee
for each pupil transferred.

This opinion does not consider any matter relating to
the transportation of these transfer pupils.

### S U M M A R Y

A pupil who has been promoted to a high school
grade not taught in his home district has a right to
transfer to and attend any other accredited high
school in the State under the provisions of Article

2696a, Section 1, and the resident school district, which in this instance is the Martinsville School District, has the obligation to pay to the receiving district the legally imposed high school tuition fee for each pupil transferred.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ivan R. Williams, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Ben Harrison
James McCoy
Guy Fisher
Sally Phillips

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant